## STATE ex PULSKAMP v. MERCER CO. COMRS. et.

Ohio Supreme Court.

No. 21291. Decided Dec. 19, 1928.

DAY, J,

**TAXES.** .

(560 R2)  Where a taxpayer has paid an assessment for road improvement under protest and thereafter, believing such assessment to have been made without jurisdiction by the county commissioners and therefore void, seeks to recover back the money so paid, the proper remedy to test such question is by an action to recover back as provided in **Section 12075, General Code.**

Under such circumstances, a petition in mandamus against the county commissioners, county auditor and treasurer, asking that they be required to correct the tax list and duplicate as provided in **Sections 2588, 2588-1 and 2589, General Code,** should not be granted, such sections applying to errors clerical in character rather than those referring to the fundamental one of jurisdiction.

Where one claims to have paid an illegal assessment, he can not recover the amount so paid unless the payment was an involuntary one. A simple protest against the validity of the assessment is, even coupled with notice to the treasurer that the taxpayer will institute legal proceedings to recover back, not sufficient, but it must appear that payment was necessary in order to avoid the legal steps incident to tax collection. (**Whitbeck v. Minch, 43 Ohio St., 210,** approved and followed).

Marshall, C. J., Allen, Kinkade, Robinson, Jones and Matthias, JJ., concur.

## ADDITIONAL APPEALS OPINIONS

### MANLEY v STATE

Ohio Appeals, 2nd Dist., Montgomery Co

No. 838.  Decided Oct. 3, 1928.

Charles W Folkerth, Dayton, for Manley.
Ralph Hoskot, Pros. Atty, Rolla Galloway and Max Dice, all of Dayton, for State.

BY THE COURT.

In the Court of Appeals the question is raised as to the right to search the house without a warrant. It is clear that this question must be raised in the trial court but independent of the question so raised there was beer found in the lot enough to justify the conviction and also there was beer found even off the lot. None of this would have been protected by the warrant if it had been issued.

We are of the opinion that there was ample evidence to justify the conviction.

Ferneding, Kunkle and Allread JJ, concur.